IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03297-PAB

COREY BURGESS,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

## ORDER

This matter is before the Court on the First Request for Production of Documents [Docket No. 43] and the Motion for an Order Compelling Discovery [Docket No. 44] filed by applicant Corey Burgess and the Motion to Stay Discovery [Docket No. 46] filed by respondent John C. Oliver.

On September 3, 2014, respondent filed a Notice of Release from Custody indicating that applicant was released from custody on September 2, 2014.  Docket No. 51; Docket No. 51-1 at 2.  On November 28, 2014, applicant filed an amended application for writ of habeas corpus [Docket No. 55], which incorporates by reference the request for relief in the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1 at 33-35] and additionally requests various forms of injunctive relief unrelated to the issue of physical custody.  Docket No. 55 at 41-42.

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the

United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the applicant is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). Applicant is no longer in custody. As a result, his application for a writ of habeas corpus appears to be moot, and the Court appears to lack subject matter jurisdiction over this case. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quotations omitted)). In light of the likelihood that the Court lacks subject matter jurisdiction over this case, the Court is not convinced that ruling on the merits of the present motions is necessary or appropriate. It is therefore

**ORDERED** that applicant's First Request for Production of Documents [Docket No. 43] and Motion for an Order Compelling Discovery [Docket No. 44] and respondent's Motion to Stay Discovery [Docket No. 46] are **DENIED** without prejudice. It is further

**ORDERED** that on or before Monday, April 6, 2015 applicant shall show cause why his applications for writ of habeas corpus [Docket Nos. 1, 55] should not be dismissed as moot. Any response shall be filed on or before Monday, April 20, 2015. In the event that the Court's order to show cause is discharged, the parties may move to reinstate the present motions.

DATED March 23, 2015.

                      BY THE COURT:

                      s/Philip A. Brimmer
                      PHILIP A. BRIMMER
                      United States District Judge