IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03297-PAB

COREY BURGESS,

    Applicant,

v.

JOHN C. OLIVER,

    Respondent.

---

# ORDER

---

This matter is before the Court on its Order [Docket No. 56] directing applicant to show cause why his applications for write of habeas corpus should not be dismissed as moot. Docket No. 56 at 2.

On December 6, 2013, applicant filed an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Docket No. 1. At the time he filed his petition, applicant was in custody at the United States Penitentiary in Florence, Colorado. *Id.* at 1. On September 3, 2014, respondent filed a Notice of Release from Custody indicating that applicant was released from custody on September 2, 2014. Docket No. 51; Docket No. 51-1 at 2. On November 28, 2014, applicant filed an amended application for writ of habeas corpus. Docket No. 55.

On March 23, 2015, the Court issued an order, stating:

> Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are met: (1) the applicant is "in custody,"

and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook,* 490 U.S. 488, 490 (1989). Applicant is no longer in custody. As a result, his application for a writ of habeas corpus appears to be moot, and the Court appears to lack subject matter jurisdiction over this case. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (quotations omitted)).

Docket No. 56 at 1-2. The Court ordered that, on or before Monday, April 6, 2015, applicant shall show cause why his applications for writ of habeas corpus should not be denied as moot. *Id.* at 2. Applicant did not respond.

In the absence of argument to the contrary, the Court finds that, due to applicant's release from custody, his applications for writ of habeas corpus [Docket Nos. 1 and 55] are moot. As a result, the Court lacks subject matter jurisdiction over this case. It is therefore

**ORDERED** that applicant's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] and Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 55] are **DENIED** as moot. It is further

**ORDERED** that this case is **DISMISSED** without prejudice as moot for lack of subject matter jurisdiction.

DATED April 21, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge